# United States District Court

**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| MICHAEL YOUNG, | § | |
| | § | |
| *Plaintiff,* | § | Civil Action No. 4:22-cv-00982 |
| v. | § | Judge Mazzant |
| | § | |
| MERIDIAN SECURITY INSURANCE | § | |
| COMPANY and LATONIA WALDEN, | § | |
| | § | |
| *Defendants.* | | |

## MEMORANDUM OPINION & ORDER

Pending before the Court is Defendant Meridian Security Insurance Company's Motion to Dismiss Pursuant to FED. R. CIV. P. 12(b)(6) and, in the Alternative, FED. R. CIV. P. 12(c) (Dkt. #7). Having considered the motion and relevant pleadings, the Court finds that the motion should be **DENIED**.

## BACKGROUND

This case concerns an insurance coverage dispute.  Plaintiff Michael Young ("Young") owns a piece of property in Flower Mound, Texas that was insured by Defendant Meridian Security Insurance Company ("Meridian").  On or about April 28, 2021, a severe wind and hailstorm swept through Flower Mound, causing damage to Young's property.  Young timely reported an insurance claim with Meridian according to his insurance policy, and he requested that Meridian send an investigator to his property and identify any covered damages.

Defendant Latonia Walden ("Walden"), an adjuster for Meridian, investigated the property on Meridian's behalf.  After her investigation, Walden and Meridian sent Young a letter that partially declined to cover some of the damage at Young's property.  Walden and Meridian explained that some of the damage was "historical hail damage to the roof shingles, roof vents[,]

and downspouts" that occurred before Young and Meridian entered into an insurance policy. Furthermore, they stated that any damage to the windows and garage was not the product of any hailstorm—but instead a result of mechanical damage.  Therefore, these damages were not covered losses under Young's policy with Meridian.

On October 12, 2022, Young filed suit against Meridian and Walden in the 431st Judicial District Court of Denton County, Texas (Dkt. #1).  Young claimed that Meridian and Walden undertook their investigation in bad faith, wrongfully denied coverage under the policy, and previously misrepresented that Young's home had no preexisting damage (Dkt. #3).  As a result, Young alleged causes of action for breach of contract, breach of the duty of good faith and fair dealing, and common law fraud, as well as violations of the Texas Deceptive Trade Practices Act ("DPTA"), and Chapters 541 and 542 of the Texas Insurance Code (Dkt. #3).

On November 18, 2022, Meridian removed the case to this Court, asserting that diversity jurisdiction exists (Dkt. #1).  Meridian then filed a motion to dismiss under Federal Rules of Civil Procedure 12(b)(6) and 12(c), arguing that Young fails to allege plausible claims for relief (Dkt. #7).  In particular, Meridian claims that Young's fraud claim does not meet Federal Rule of Civil Procedure 9(b)'s pleading requirements (Dkt. #7 at pp. 6–7).  Subsequently, Young responded to the motion (Dkt. #10), and Meridian filed a reply (Dkt. #13).

## LEGAL STANDARD

### I.    Federal Rule of Civil Procedure 12(b)(6)

The Federal Rules of Civil Procedure require that each claim in a complaint include a "short and plain statement . . . showing that the pleader is entitled to relief."  FED. R. CIV. P. 8(a)(2).  Each claim must include enough factual allegations "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

A Rule 12(b)(6) motion allows a party to move for dismissal of an action when the complaint fails to state a claim upon which relief can be granted.  FED. R. CIV. P. 12(b)(6). When considering a motion to dismiss under Rule 12(b)(6), the court must accept as true all well-pleaded facts in the plaintiff's complaint and view those facts in the light most favorable to the plaintiff. *Bowlby v. City of Aberdeen*, 681 F.3d 215, 219 (5th Cir. 2012).  The court may consider "the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint."  *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).  The court must then determine whether the complaint states a claim for relief that is plausible on its face.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'"  *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)).

In *Iqbal*, the Supreme Court established a two-step approach for assessing the sufficiency of a complaint in the context of a Rule 12(b)(6) motion.  First, the Court should identify and disregard conclusory allegations, for they are "not entitled to the assumption of truth."  *Iqbal*, 556 U.S. at 664.  Second, the Court "consider[s] the factual allegations in [the complaint] to determine if they plausibly suggest an entitlement to relief."  *Id.*  "This standard 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary claims or elements.'"  *Morgan v. Hubert*, 335 F. App'x 466, 470 (5th Cir. 2009) (citation omitted).  This evaluation will "be a context-specific task that requires the reviewing court to draw on its judicial

experience and common sense." *Iqbal*, 556 U.S. at 679.  Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Id.* at 678 (quoting *Twombly*, 550 U.S. at 570).

Federal Rule of Civil Procedure 9(b) is also relevant here, as it controls pleadings relating to fraud or mistake.  Rule 9(b) states, "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake.  Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally."  FED. R. CIV. P. 9(b).  Rule 9(b)'s particularity requirement generally means that the pleader must set forth the "who, what, when, where, and how" of the fraud alleged.  *United States ex rel. Williams v. Bell Helicopter Textron, Inc.*, 417 F.3d 450, 453 (5th Cir. 2005).

A plaintiff pleading fraud must "specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent."  *Herrmann Holdings Ltd. v. Lucent Techs. Inc.*, 302 F.3d 552, 564–65 (5th Cir. 2002).  The goals of Rule 9(b) are to "provide[] defendants with fair notice of the plaintiffs' claims, protect[] defendants from harm to their reputation and goodwill, reduce[] the number of strike suits, and prevent[] plaintiffs from filing baseless claims."  *U.S. ex rel. Grubbs v. Kanneganti*, 565 F.3d 180, 190 (5th Cir. 2009) (citing *Melder v. Morris*, 27 F.3d 1097, 1100 (5th Cir. 1994)).  Courts are to read Rule 9(b)'s heightened pleading requirement in conjunction with Rule 8(a)'s insistence on simple, concise, and direct allegations.  *Williams v. WMX Techs., Inc.*, 112 F.3d 175, 178 (5th Cir. 1997).  However, this requirement "does not 'reflect a subscription to fact pleading.'"  *Grubbs*, 565 F.3d at 186.

"Claims alleging violations of the Texas Insurance Code and the DTPA and those asserting fraud, fraudulent inducement, fraudulent concealment, and negligent misrepresentation are subject

4

to the requirements of Rule 9(b)." *Frith v. Guardian Life Ins. Co. of Am.*, 9 F. Supp. 2d 734, 742 (S.D. Tex. 1998); *see Berry v. Indianapolis Life Ins. Co.*, No. 3:08-CV-0248-B, 2010 WL 3422873, at *14 (N.D. Tex. Aug. 26, 2010) ("'[W]hen the parties have not urged a separate focus on the negligent misrepresentation claims,' the Fifth Circuit has found negligent misrepresentation claims subject to Rule 9(b) in the same manner as fraud claims."). Failure to comply with Rule 9(b)'s requirements authorizes the Court to dismiss the pleadings as it would for failure to state a claim under Rule 12(b)(6). *United States ex rel. Williams v. McKesson Corp.*, No. 3:12-CV-0371-B, 2014 WL 3353247, at *3 (N.D. Tex. July 9, 2014) (citing *Lovelace v. Software Spectrum, Inc.*, 78 F.3d 1015, 1017 (5th Cir. 1996)).

## II.     Federal Rule of Civil Procedure 12(c)

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." FED. R. CIV. P. 12(c). "A motion brought pursuant to Rule 12(c) is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." *Hebert Abstract Co. v. Touchstone Props., Ltd.*, 914 F.2d 74, 76 (5th Cir. 1990) (citation omitted); *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312-13 (5th Cir. 2002). "The central issue is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief." *Hughes v. Tobacco Inst., Inc.*, 278 F.3d 417, 420 (5th Cir. 2001) (citing *St. Paul Mercury Ins. Co. v. Williamson*, 224 F.3d 425, 440 n.8 (5th Cir. 2000)).

"Pleadings should be construed liberally, and judgment on the pleadings is appropriate only if there are no disputed issues of fact and only questions of law remain." *Great Plains Tr.*, 313 F.3d at 312 (quoting *Hughes*, 278 F.3d at 420). The standard applied under Rule 12(c) is the

same as that applied under Rule 12(b)(6).  *Ackerson v. Bean Dredging, LLC*, 589 F.3d 196, 209 (5th Cir. 2009); *Guidry v. Am. Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007).

## ANALYSIS

Meridian argues that Young's claims for fraud, breach of the duty of good faith and fair dealing, and violations of the Texas Insurance Code and DPTA should be dismissed because Young does not state plausibly state claims for relief (Dkt. #7 at p. 6).  Before addressing the sufficiency of Young's allegations, the Court must first determine whether subject-matter jurisdiction exists.  *Rivero v. Fid. Invs., Inc.*, 1 F.4th 340, 344 (5th Cir. 2021) (quoting *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006)) ("Courts 'have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party.'")

### I.  Whether Subject-Matter Jurisdiction Exists

When Meridian filed its notice of removal, it asserted that diversity jurisdiction provided the basis for removal to this Court (Dkt. #1).  Young and Walden are both citizens of Texas, and Meridian is a citizen of Indiana (Dkt. #1).[1]  Under normal circumstances, the parties' citizenships would prohibit the Court from exercising jurisdiction.

Diversity jurisdiction, of course, has two fundamental requirements: (1) complete diversity must exist between the named parties and (2) the amount-in-controversy must exceed $75,000.  *Mitchell v. Bailey*, 982 F.3d 937, 942 (5th Cir. 2020).  Complete diversity only exists if the citizenship of each plaintiff is diverse from the citizenship of each defendant.  *Id.* (citation omitted).  But since Walden and Young are both citizens of Texas, complete diversity ordinarily would be lacking, and subject-matter jurisdiction would not exist.  *See Mitchell*, 982 F.3d at 942.

---

[1] Meridian's place of incorporation is Indiana, and its principal place of business is there as well (Dkt. #1 at p. 3).

That said, in its notice for removal, Meridian asserted that diversity jurisdiction still exists because Walden was improperly joined as a co-defendant since Young cannot recover on his claims against Walden (Dkt. #1 at p. 2).  This is an important caveat because "if the plaintiff improperly joins a non-diverse defendant, then the court may disregard the citizenship of that defendant, dismiss the non-diverse defendant from the case, and exercise subject[-]matter jurisdiction over the remaining diverse defendant." *Advanced Indicator & Mfg., Inc. v. Acadia Ins. Co.*, 50 F.4th 469, 473 (5th Cir. 2022) (per curiam) (quoting *Flagg v. Stryker Corp.*, 819 F.3d 132, 136 (5th Cir. 2016)).  A defendant establishes improper joinder by showing either (1) actual fraud in the pleading of jurisdictional facts or (2) the plaintiff's inability to establish a cause of action against the non-diverse party in state court. *Id.* (citing *Smallwood v. Ill. Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004)).  Under the second method, "a defendant must show 'that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant.'" *Id.* (quoting *Smallwood*, 385 F.3d at 573). Typically, the Court conducts a Rule 12(b)(6) analysis to determine if the in-state plaintiff could state a claim, but "when a plaintiff 'has misstated or omitted discrete facts that would determine the propriety of joinder' then 'the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry.'" *Id.* (quoting *Smallwood*, 385 F.3d at 573).  Whether a plaintiff improperly joined a non-diverse defendant depends on if the plaintiff could possibly recover against the defendant at the time of removal. *Id* (citing *Flagg*, 819 F.3d at 137).

Based on Meridian's notice of removal, the Court agrees that Walden was improperly joined, and therefore, subject-matter jurisdiction exists.  Before Young filed suit against Meridian in state court, Meridian provided Young with a letter that accepted all liability on Walden's behalf

7

pursuant to section 542A.006 of the Texas Insurance Code (Dkt. #1); (Dkt. #1, Exhibit 12).  Under this section, if an insurer accepts liability for one of its agents before a lawsuit is filed, then "no cause of action exists against the agent related to the claimant's claim," and the court "shall dismiss that action with prejudice."  TEX. INS. CODE ANN. § 542A.006(b).  With Meridian accepting liability on Walden's behalf, Young cannot pursue any of his claims against Walden, so there is no possibility of recovery against her.  And since this was the case at the time of Meridian's removal to this Court, Walden is improperly joined here.

In *Acadia Insurance Co.*, the Fifth Circuit dealt with an analogous situation.  50 F.4th at 473–75.  There, the insured sued an insurance company and its adjuster for several causes of action relating to the denial of an insurance claim.  *Id.* at 472.  The adjuster, however, was a non-diverse defendant.  *Id.*  After the insured filed suit in state court, the insurance company accepted liability on its adjuster's behalf under § 542A.006, and then removed the action to federal court.  *Id.*  The Fifth Circuit concluded that the district court had subject-matter jurisdiction over the insured's claim against the insurance company, reasoning that § 542A.006 precluded the insured's recovery against the adjuster, so the adjuster was improperly joined as a party.  *Id.* at 473–75.[2]

Like in *Acadia Insurance Co.*, the Court finds that Walden was improperly joined.  Therefore, the Court dismisses Young's claims against Walden without prejudice, and it will proceed to the merits of Meridian's motion.  *See id.* at 473 (stating district court may dismiss non-diverse defendant who was improperly joined and continue to exercise subject-matter jurisdiction over diverse defendants).

---

[2] *Acadia Insurance Co.* involved the application of § 542A.006(c), which provides that, if an insurance company elects to accept liability *after* the claimant files suit, then "the court shall dismiss the action against the agent with prejudice." *See* 50 F.4th at 473–75; *see also* TEX. INS. CODE ANN. § 542A.006(c).  The distinction is not important here because "the differences between §§ 542A.006(b) and 542.006(c) are not material as long as the insurer elects to accept liability for the agent before removal." *Acadia Ins. Co.*, 50 F.4th at 475.  It is undisputed that Meridian provided the notice before Young filed suit in state court.

II.      **Meridian's Motion to Dismiss**

Here, Meridian argues that Young has failed to plead sufficient facts for several of his claims, so the Court should dismiss his complaint with prejudice.  Having reviewed Young's complaint, as well as the parties' briefing and supplemental authority, the Court is satisfied that Young has stated plausible claims upon which relief can be granted and has met the pleading requirements for his claims.

**CONCLUSION**

It is therefore **ORDERED** that Defendant Meridian Security Insurance Company's Motion to Dismiss Pursuant to FED. R. CIV. P. 12(b)(6) and, in the Alternative, FED. R. CIV. P. 12(c) (Dkt. #7) is hereby **DENIED**.

It is further **ORDERED** that Plaintiff's claims against Defendant Latonia Walden are **DISMISSED without prejudice**.  The Clerk shall terminate Walden as a defendant in this case.

**IT IS SO ORDERED.**

 **SIGNED this 30th day of June, 2023.**

AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE